(101) CITATION: PETITION FOR DAMAGES;     181008-6081-8

24TH JUDICIAL DISTRICT COURT<br>
PARISH OF JEFFERSON<br>
STATE OF LOUISIANA

CRESCENT CITY SURGICAL CENTRE
   versus                                       Case: 788-322    Div: "G"
CIGNA HEALTH AND LIFE INSURANCE COMPANY,     P 1 CRESCENT CITY
CIGNA HEALTH MANAGEMENT INC AND CIGNA         SURGICAL CENTRE
NATIONAL HEALTH INSURANCE COMPANY

To: CIGNA HEALTH AND LIFE INSURANCE COMPANY
THROUGH SECRETARY OF STATE                  SOS CK# 54995 $150.00
8585 ARCHIVES AVENUE                             EBR CK# 54988 $118.08
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney GILBERT V. ANDRY IV and was issued by the Clerk of Court on the 8th day of October, 2018.

                                       /s/ Marilyn Guidry
                                       Marilyn Guidry, Deputy Clerk of Court for
                                       Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;     181008-6081-8

Received:_____     Served:_____     Returned:_____

Service was made:
         ___ Personal          ___ Domicilary _____

Unable to serve:
           ___ Not at this address     ___ Numerous attempts _____ times
           ___ Vacant                    ___ Received too late to serve
           ___ Moved                     ___ No longer works at this address
           ___ No such address       ___ Need apartment / building number
           ___ Other _____

Service: $_____     Mileage: $_____     Total: $_____
Completed by:_____ # _____
                      Deputy Sheriff
Parish of: _____

Exhibit A

(101) CITATION: PETITION FOR DAMAGES;   181008-6082-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

CRESCENT CITY SURGICAL CENTRE
   versus
CIGNA HEALTH AND LIFE INSURANCE COMPANY,
CIGNA HEALTH MANAGEMENT INC AND CIGNA
NATIONAL HEALTH INSURANCE COMPANY

Case: 788-322   Div: "G"
P 1  CRESCENT CITY
SURGICAL CENTRE

To: CIGNA HEALTH MANAGEMENT INC
THROUGH SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

SOS CK# 54995 $150.00
EBR CK# 54988 $118.08

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney GILBERT V. ANDRY IV and was issued by the Clerk of Court on the 8th day of October, 2018.

/s/ Marilyn Guidry
Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;   181008-6082-6

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal      ___ Domiciliary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant   ___ Received too late to serve
   ___ Moved   ___ No longer works at this address
   ___ No such address   ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
              Deputy Sheriff
Parish of: _____

Imaged 10/08/2018 09:01 - Signed: Deputy Clerk of Court /s/ Marilyn Guidry

(101) CITATION: PETITION FOR DAMAGES;            181008-6083-4

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

CRESCENT CITY SURGICAL CENTRE
   versus
CIGNA HEALTH AND LIFE INSURANCE COMPANY,
CIGNA HEALTH MANAGEMENT INC AND CIGNA
NATIONAL HEALTH INSURANCE COMPANY

Case: 788-322    Div: "G"
P 1   CRESCENT CITY
SURGICAL CENTRE

To: CIGNA NATIONAL HEALTH INSURANCE
COMPANY
THROUGH SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

SOS CK# 54995 $150.00
EBR CK# 54988 $118.08

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney GILBERT V. ANDRY IV and was issued by the Clerk of Court on the 8th day of October, 2018.

                         /s/ Marilyn Guidry
                         Marilyn Guidry, Deputy Clerk of Court for
                         Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;           181008-6083-4

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal           ___ Domicilary _____

Unable to serve:
    ___ Not at this address      ___ Numerous attempts _____ times
    ___ Vacant                    ___ Received too late to serve
    ___ Moved                     ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                     Deputy Sheriff
Parish of: _____

Imaged 10/08/2018 09:01 - Signed: Deputy Clerk of Court /s/ Marilyn Guidry

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-322 DIVISION G

CRESCENT CITY SURGICAL CENTRE

VERSUS

CIGNA HEALTH AND LIFE INSURANCE COMPANY,
CIGNA HEALTH MANAGEMENT, INC., AND CIGNA NATIONAL
HEALTH INSURANCE COMPANY

FILED: _____     _____
                                    DEPUTY CLERK:

### PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, CRESCENT CITY SURGICAL CENTRE (hereinafter referred to as "plaintiff" or "Crescent Hospital"), a limited liability company licensed to do and doing business in the Parish of Jefferson, State of Louisiana, who respectfully represents that:

**I.**

Made Defendants herein are:

A.   CIGNA HEALTH AND LIFE INSURANCE COMPANY, a foreign corporation licensed to do and doing business in this Parish and State;

B.   CIGNA HEALTH MANAGEMENT, INC., a foreign corporation licensed to do and doing business in this Parish and State; and

C.   CIGNA NATIONAL HEALTH INSURANCE COMPANY, a foreign corporation licensed to do and doing business in this Parish and State.

### II. NATURE OF ACTION

1.   This case concerns plaintiff Crescent Hospital's state law breach of contract claim against defendants, Cigna Health and Life Insurance Company, Cigna Health management, Inc., and Cigna National Health Insurance Company, (hereinafter referred to as "Defendants" or "Cigna") for their continuing failure to pay plaintiff, Crescent Hospital, an appropriate amount of money for medical services provided by Crescent Hospital, which Cigna agreed to pay.

2. Despite Cigna's representations, and the parties' ongoing agreement that Cigna would pay the out-of-network provider's charges for medical services, Cigna has breached its agreement and systematically reduced its payments to Crescent Hospital.

3. Crescent Hospital, relying on Cigna's statements and representations, provided quality services to Cigna's customers, only to receive grossly insufficient payments. Given Cigna's statements and representations, Crescent Hospital is entitled to recover an appropriate reasonable amount for medical services rendered to Cigna's customers.

4. Cigna has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should pay for services rendered.

5. Crescent Hospital has been severely injured and financially damaged as a result of Cigna's unlawful actions.

6. Despite repeated efforts by Crescent Hospital to amicably resolve these issues, its entreaties have been to no avail.

### III. VENUE AND JURISDICTION

7. Venue is proper in this matter pursuant to Louisiana Code of Civil Procedure Arts. 42, 74 and 76.1. The defendants are entities doing substantial business in Louisiana.

### IV. FACTUAL BACKGROUND

8. Crescent Hospital provides surgical and related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.

9. Crescent Hospital regularly provided medical care to customers of Cigna from 2011 through the present, even though the hospital is not within the network of Cigna providers.

10. Numerous Cigna customers have chosen to receive their care at Crescent Hospital from its qualified surgeons and medical staff.

11. Crescent Hospital's care is of the highest quality, and some of the best surgeons seek out opportunities to provide their surgical services there.

12. Crescent Hospital's charges are fair and reasonable.

13. Crescent Hospital has had an ongoing, consistent, and systematic business relationship with Cigna.

14. Each and every time before providing services to Cigna customers, Crescent Hospital verifies Cigna's agreement or offer to pay for services.

15. Each and every time Crescent Hospital contacts Cigna, it verifies that prospective patients are Cigna customers that Cigna will pay for medical bills for out of network medical services, such as those Crescent Hospital provides, and what percentage of medical bills Cigna agrees and offers to pay.

16. Each and every time, based on Cigna's communication, Crescent Hospital provides medical services to Cigna customers.

17. After performing services to patients who are Cigna's customers, Crescent Hospital timely provides to Cigna a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

18. Cigna required that Crescent Hospital verify Cigna's agreement or offer to pay, and the percentage of the bill Cigna would pay by referring to Cigna's web portal, Cigna.com.

19. Each and every time, Cigna's statements regarding what it agreed or offered to pay and percentage of payment as stated on the web portal and otherwise, constitute affirmative representations regarding payment and its responsibility to Crescent Hospital for payment for services rendered by Crescent Hospital to Cigna customers.

20. With Cigna.com, each and every time, Cigna communicated to Crescent Hospital before Crescent Hospital provided medical services to Cigna customers, the fact that Cigna would pay and the percentage of the Crescent Hospital medical bill Cigna would pay, and Cigna expected Crescent Hospital to rely upon the information contained on Cigna.com, and Crescent Hospital relied upon same and provided medical services to Cigna customers.

21. Each and every time after the medical services were performed by Crescent Hospital, Crescent Hospital prepared and sent a bill for services rendered to Cigna. Cigna consistently and systematically failed to pay what it agreed/offered or a reasonable amount, in violation of Louisiana Law. Instead, Cigna only paid cents on the dollar.

22. Distilled, Cigna has converted money it owed to Crescent Hospital to its own use.

23. Each and every time Crescent Hospital relied upon and was entitled to rely upon to its detriment, Cigna's web portal, and other statements made by Cigna, whether oral or otherwise regarding Cigna's agreement or offer to pay, and the percentage Cigna offered or agreed to pay to Crescent Hospital for medical services rendered by Crescent Hospital to and for Cigna customers.

24. Cigna published statements to Crescent Hospital that it will pay out-of-network providers a designated percentage of its medical bill.

25. Despite Cigna's confirmation that they would pay a designated percentage of Crescent Hospital's bill for out of network services, Cigna engaged in a systematic, arbitrary and intentional effort to pay Crescent Hospital only cents on the dollar for services it rendered.

26. Cigna has engaged in a systematic and collusive practice aimed at reducing payments to out-of-network providers.

27. Cigna has consistently, systematically, and unreasonably paid Crescent Hospital for medical care, which it offered/agreed to pay Crescent Hospital, cents on the dollar. This systematic and unlawful effort has resulted in Crescent Hospital's being underpaid by millions of dollars.

28. Cigna has failed to provide Crescent Hospital with any reasonable basis for its inadequate and extreme underpayments, illustrating that its actions are arbitrary, capricious, and with the purpose of financially harming Crescent Hospital.

29. Crescent Hospital has been substantially damaged as a result of Cigna's stream of unlawful activities.

## V. FIRST CAUSE OF ACTION

### BREACH OF CONTRACT -- FAILURE TO PAY A REASONABLE AMOUNT

30. Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

31. Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Cigna owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at * (E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

32. Crescent Hospital is an independent party. Its claims are based on its status as an out-of-network health provider for medical services rendered, which Cigna agrees to pay for and does pay (though extremely underpays) Crescent Hospital, and are not based on any assignment of benefits from its patients. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

33. Crescent Hospital's claims are not based on the "relationship between the insured and insurer," but upon Cigna's solicitation and knowing acceptance of Crescent Hospital's services.

34. Each and every time a contract was formed by the consent of the parties (Crescent Hospital and Cigna) established through offer and acceptance.

35. An enforceable contract requires a meeting of the minds, which there was each and every time.

36. Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties, as it was here each and every time from 2011 through the present:

    A. Crescent Hospital and Cigna have an ongoing, consistent and systematic business relationship.

    B. More particularly, Cigna offered to pay Crescent Hospital for the medical services provided Cigna customers. Each and every time the arrangement between the parties to the transactions underlying this lawsuit are routine and familiar, in that the same process of business, contract, billing and extreme underpayment occurs.

    C. Cigna communicates to Crescent Hospital, which will be rendering those medical services, the percentage of the Crescent Hospital medical bill it agrees to pay for services rendered to Cigna customers. Cigna did this over the telephone, and then through Cigna.com in response to Crescent Hospital's inquiries.

    D. Cigna not only made this information available to Crescent Hospital, it specifically instructed Crescent Hospital to refer to it for information related to what Cigna would pay. Specifically, Cigna wrote to Crescent Hospital, expressly instructing Crescent Hospital to refer to the Cigna.com web portal for any information it sought from Cigna relating to monetary payments.

    E. In response to and based upon Cigna's representations each and every time regarding what it would pay for medical services, Crescent Hospital agreed to render medical services to Cigna's customers. Each and every time before agreeing to treat a prospective patient, Crescent Hospital first confirmed with Cigna the percentage of the bill for the medical services to be performed that Cigna agreed or offered to pay. Crescent Hospital verified Cigna's offer and its terms through

telephone calls, and thereafter, through viewing the offers on Cigna's Cigna.com website.

F. Regardless of the means of communication, each and every time Cigna communicated to Crescent Hospital that it would pay Crescent Hospital a percentage of its bill. When Crescent Hospital deemed the offer to be acceptable, it accepted the offer by providing the medical services. This resulting performance constitutes an acceptance of Cigna's offer and, alone, is sufficient to establish a binding, enforceable contract between the two.

G. Cigna and Crescent Hospital consented to contract through a longstanding business relationship and a consistent course of dealing.

H. Crescent Hospital has been providing medical services for Cigna for years.

I. In furtherance of this business relationship, Cigna, in fact, has in its system a provider identification number specifically for Crescent Hospital, which assists it in processing Crescent Hospital's bills and its resulting payments.

J. Throughout the course of their dealing, Cigna never indicated any desire not to do business with Crescent Hospital. Even after deciding not to engage in telephonic pre-verification of payment, it continued to direct Crescent Hospital to its Cigna.com website for such information. Cigna never communicated to Crescent Hospital not to treat any Cigna customer. Cigna has all along availed itself of Crescent Hospital's providing services to its customers. Crescent Hospital, after providing such services, then billed Cigna directly for payment. And, in response to such billing, Cigna considered and generally made payments to Crescent Hospital for the services (although not close to the full amount due).

K. Crescent Hospital's rendering of medical services for Cigna customers, its billing Cigna for payment for same, and Cigna's payments in response demonstrate and confirm the parties' contractual undertaking. <u>Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Co.</u>, 191 So.3d 582 (La. 2016).

L. Each and every time, Cigna and Crescent Hospital exchanged offer and acceptance via telephonic and internet verifications.

M. Each and every time, Crescent Hospital contacts Cigna to do work, Cigna consents to same and confirms its responsibility for the bill.

N. Each and every time, Crescent Hospital does the work.

O. Each and every time, Crescent Hospital prepares and sends a bill.

P. Finally, in the alternative, and to the extent the Court were to find that the parties did not agree upon a set price that Cigna would pay for Crescent Hospital's rendering medical services to its customers would not foreclose a finding of an enforceable contract. The fact that the amount of compensation a party is to receive for services rendered was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract, a provision that the party would be paid a reasonable sum for the services. La. Civ. Code art. 2054.

Q. In this circumstance, the fact-finder may and will supply a reasonable price for the contract for Cigna to pay for medical services rendered by Crescent Hospital.

R. As a direct result of Cigna's breach, Crescent Hospital has suffered damages including La Civil Code Art. 2000, interest damages.

## VI. SECOND CAUSE OF ACTION

## VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES ACT

38. Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

39. Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Cigna owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

40. Fraud, deceit, and misrepresentation constitute "deceptive practices" under the Louisiana Unfair Trade Practices Act. ("LUTPA")

41. Defendants' improper actions and practices described in this Petition constitute the use or employment of an unfair or deceptive method, act, or practice under Louisiana Revised Statute § 51:1401, *et seq.* Defendants' acts violate public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.

42. As a result of Cigna's unfair, pervasive and unlawful practices, Cigna has retained and continues to retain monies that it offered or agreed to pay, and which therefore rightfully belong to Crescent Hospital for rendering medical services to Cigna customers.

43. Crescent Hospital has been injured and suffered sizeable losses as a result of the use of Cigna's actions, meriting an award of actual damages in an amount to be proven at trial.

44. Cigna's unfair practices are likely to continue absent judicial intervention.

## VII. THIRD CAUSE OF ACTION

### DETRIMENTAL RELIANCE

45. Crescent Hospital incorporates the foregoing paragraphs as if full stated herein.

46. Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Cigna owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

47. Cigna is liable to Crescent Hospital under the theory of detrimental reliance under Louisiana Civil Code Art. 1967.

48. Cigna communicated to Crescent Hospital via telephone and on Cigna.com web portal that it agreed or offered to pay for Crescent Hospital's provision of medical services to Cigna's customers, which induced Crescent Hospital to rely on said information to its detriment.

49. Crescent Hospital reasonably relied, to its detriment, on representations and statements made by Cigna as to the existence and extent of Cigna's offer or agreement to pay for Crescent Hospital's provision of medical services to Cigna customers.

50. Crescent Hospital was entitled to rely upon Cigna's representations and statements when accepting Cigna customers as patients, based upon Cigna's representations that Cigna offered or agreed to pay and would pay for out-of-network medical services rendered by Crescent Hospital.

51. Crescent Hospital has been damaged as a result of Cigna's actions in an amount to be proven at trial.

## VIII. FOURTH CAUSE OF ACTION

### FRAUD

52. Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

53. Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Cigna owes directly to Crescent Hospital. Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

54. Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction. La.C.C. art. 1953.

55. Cigna made representations to Crescent Hospital by inviting Crescent Hospital to verify the terms of Cigna's offer or agreement to pay through viewing Cigna's web portal, Cigna.com, and by providing information on its Cigna.com web portal, and making statements orally and otherwise to Crescent Hospital, which Cigna expected Crescent Hospital to rely upon, and which Crescent Hospital did rely upon, regarding Cigna's offer or agreement to pay for Crescent Hospital's provision of medical services to Cigna customers.

56. Cigna's misrepresentations were of material facts because Crescent Hospital relied, to its detriment, on such misrepresentations and statements made by Cigna as to the existence and extent of Cigna's offer or agreement to pay for Crescent Hospital's provision of medical services to Cigna customers.

57. Upon information and belief, Cigna intended to deceive Crescent Hospital with its misrepresentations and systematic failure to pay Crescent Hospital a reasonable amount, and obtained an unjust advantage by keeping the monies it promised to pay Crescent Hospital for medical services provided by Crescent Hospital to Cigna customers.

58. Crescent Hospital was reasonably entitled to rely upon Cigna's representations and statements in accepting Cigna customers as patients, based upon Cigna's representations it would pay for care rendered by Crescent Hospital.

59. Crescent Hospital has been damaged as a result of Cigna's fraudulent actions including extreme underpayment (Cigna keeps Crescent Hospital's money) in an amount to be proven at trial.

## IX. SIXTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

60. Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

61. Crescent Hospital does not claim or seek coverage of benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Cigna owes directly to Crescent Hospital. Crescent

Hospital specifically refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

62. Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent.

63. For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage.

64. In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis.

65. Generally, the initial determination in the duty-risk analysis is cause-in-fact.

66. A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

67. Under the circumstances described in this Petition, Cigna has a legal duty to supply correct information regarding the existence and extent to which it has agreed or offered to pay to Crescent Hospital for the provision of medical services to Cigna's customers.

68. Crescent Hospital relied, to its detriment, on representations and statements made by Cigna as to the existence and extent of payment by Cigna for Crescent Hospital's provision of medical services to Cigna's customers.

69. Crescent Hospital was entitled to rely upon Cigna's representations and statements.

70. Cigna is liable to Crescent Hospital for their negligent misrepresentations pursuant to Louisiana Civil Code Art. 2315 and other Louisiana law.

71. Crescent Hospital has been injured and damaged as a result of Cigna's actions in an amount to be proven at trial.

## X. THE CLAIMS OF CRESCENT HOSPITAL HEREIN ARE EXCLUSIVELY FOR STATE LAW BREACH OF CONTRACT AND THE STATE LAW CLAIMS THAT FLOW THEREFROM.

72. This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States. Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Crescent Hospital expressly rejects such implication and expressly states that it does not and will not seek damages for any such claims and expressly waives same. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at * (E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

73. Crescent Hospital's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.,* and Crescent Hospital expressly waives same. Further, Crescent Hospital does not challenge the benefits that may be owed to its patients. Finally, Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients. Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Cigna under any and all federal laws, either independently or on behalf of its patients.

74. Crescent Hospital does not seek to recover for alleged underpayments of health benefits owed to its patients or for its patients and expressly waives same. Crescent Hospital does not seek to enforce rights or recover benefits under the terms of any insurance policy.

75. Crescent Hospital does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

76. Crescent Hospital does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same. Furthermore, Crescent Hospital does not seek to recover any amounts for Cigna's payment misrepresentations that are related to treatment of any patient who may have an FEHBA insurance policy, and hereby expressly waives and disclaims such recovery.

77. Crescent Hospital does not claim or seek coverage benefits on behalf of its patients, and hereby expressly waives same, but instead seeks to enforce state law legal duties that Cigna owes directly to Crescent Hospital. Crescent Hospital's suit seeks only to enforce its own state law legal rights against Cigna. Federal law does not and cannot preempt Crescent Hospital's state law claims because Crescent Hospital expressly waives any and all federal law claims it may have against Cigna.

78. Moreover, Crescent Hospital's claims do not require a determination of any federal rights and Crescent Hospital hereby expressly waives same.

79. Crescent Hospital is not, does not, and will not make a claim against Cigna either expressly or impliedly under ERISA. Crescent Hospital is not, and will not make a claim against Cigna either expressly or impliedly based upon assignments regarding claims Cigna customers may have against Cigna and hereby expressly waives same.

80. Crescent Hospital is not making a claim either expressly or impliedly that Cigna customers did not receive their benefits under the terms of their plans or claim that the relationship between Cigna's customers and their employers was adversely affected. Crescent Hospital is not seeking to recover any monies promised on that basis and hereby expressly waives same.

81. Crescent Hospital's suit is exclusively a direct action to enforce its own legal rights to payment (as opposed to a derivative suit seeking to enforce its patients' rights), and therefore is not a suit under FEHBA. FEHBA does not preempt Crescent Hospital's direct claim – brought exclusively under Louisiana law and not federal law in regard to Cigna's agreements and misrepresentations concerning the extreme underpayments to Crescent Hospital by Cigna – for negligent misrepresentation, detrimental reliance, and

breach of contract and LUTPA violations for medical services provided by Crescent Hospital to Cigna customers. Crescent Hospital is not claiming monies for the failure of Cigna to respect its patients' rights and hereby expressly waives same.

82. Crescent Hospital is not and will not make a claim either expressly or impliedly against a federal officer arising out of his official duties and hereby expressly waives same. In fact, Crescent Hospital expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Crescent Hospital, and hereby expressly waives same. Crescent Hospital further denies that any Crescent Hospital patients/Cigna customers were federal officers and does not and will not seek any monies from Cigna for its failure to pay for same. Further, if any Crescent Hospital patient/Cigna customer had a FEHBA health insurance policy, Crescent Hospital hereby expressly eliminates and separates that patient(s) and corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Cigna to pay Crescent Hospital same. Crescent Hospital expressly waives same.

## XI. JURY DEMAND

83. Plaintiff asserts that its damages exceed that necessary for a trial by jury and, therefore, requests a jury trial.

## XII. PRAYER

WHEREFORE, Plaintiff, Crescent Hospital, prays that Cigna be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there by judgment in favor of Crescent Hospital and against Cigna Health and Life Insurance Company, Cigna Health Management, Inc., and Cigna National Health Insurance Company, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to attorneys' fees, as are appropriate.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

_____
GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**PLEASE SERVE:**

**Cigna Health and Life Insurance Company**
Through its Registered Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Cigna Health Management, Inc.**
Through its Registered Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Cigna National Health Insurance Company**
Through its Registered Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LS 70809

SOS-54995
$150.00

EBR-54988
$118.08