# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY SURGICAL CENTRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-11385** |
| **CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTHCARE MANAGEMENT INC.; CIGNA NATIONAL HEALTH INSURANCE COMPANY** | **SECTION: T(5)** |

## ORDER

Before the Court are a Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) and, alternately, a Motion for More Definite Statement Pursuant to FRCP 12(e) filed by Cigna Health and Life Insurance Company, Cigna Healthcare Management Inc., and Cigna National Health Insurance Company (collectively "Defendant").[1] Crescent City Surgical Centre ("Plaintiff") has filed an opposition.[2] With leave of court, Defendant has filed a reply.[3] For the following reasons, the Motions are **GRANTED IN PART and DENIED IN PART**.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises from a dispute between an insurance company and a hospital. Defendant is a health insurer that administers or insures employee health and welfare benefit plans.[4] Plaintiff is a hospital that provides surgical care in the New Orleans area.[5] Plaintiff has provided medical care to patients covered under Defendant's plans.[6] However, Plaintiff is not within the network of Defendant providers ("out-of-network provider").[7] Being an out-of-network provider, Plaintiff

---

[1] R. Doc. 21.
[2] R. Doc. 24.
[3] R. Doc. 32.
[4] R. Doc. 21-1, p.2.
[5] R. Doc. 1-1, p.5; R. Doc. 21-1, p.3; R. Doc. 24, p.3.
[6] R. Doc. 1-1, p.5; Doc. 21-1, p.3; R. Doc. 24, p.1.
[7] R. Doc. 1-1, p.5; R. Doc. 21-1, p.3; R. Doc. 24, p.3.

does not have an agreement with Defendant specifying which of Plaintiff's services are covered under a plan and the rates that Defendant will pay to reimburse Plaintiff.[8] Instead, Plaintiff bills Defendant and Defendant reviews the clams to determine which of Plaintiff's services are covered and the reimbursement rate.[9] On its website, Defendant publishes information relating to monetary payments for certain medical services.[10] Defendant also provides out-of-network providers, such as Plaintiff, a number to call to verify whether one of Defendant's plans covers a participant and, sometimes, to obtain pre-authorization for services.[11] Notably, the Employee Retirement Income Security Act of 1974 ("ERISA") governs most of Defendant's plans.[12]

From 2011 through 2017, Defendant paid Plaintiff for claims for care provided to individuals covered under health benefit plans insured or administered by Defendant.[13] In 2018, Defendant determined that Plaintiff's practices rendered it ineligible to receive benefits under Defendant's plans.[14] Subsequently, Defendant ceased paying Plaintiff's claims.[15] Plaintiff contends that Defendant failed, and continuously fails, to compensate Plaintiff reasonably for the medical care it provided, which Defendant allegedly agreed to pay.[16]

In response, Plaintiff filed suit alleging that Defendant "has consistently, systematically, and unreasonably paid [Plaintiff] for medical care, which it offered/agreed to pay [Plaintiff], cents on the dollar. This systematic and unlawful effort has resulted in [Plaintiff] being underpaid by millions of dollars."[17] In its complaint, Plaintiff asserts (1) breach of contract (failure to pay a

---

[8] R. Doc. 21-1, p.2.
[9] *Id*.
[10] R. Doc. 21-1, p.8.
[11] R. Doc. 21-1, p.2.
[12] R. Doc. 21-1, p.3.
[13] R. Doc. 1-1, p.7; R. Doc. 21-1, p.3.
[14] R. Doc. 1, p.4; R. Doc. 21-1, p.3.
[15] *Id*.
[16] R. Doc. 1-1, p.4; R. Doc. 24, p.1.
[17] R. Doc. 1-1, p.7.

2

reasonable amount); (2) violation of Louisiana's Unfair Trade Practices Act ("LUTPA"); (3) detrimental reliance; (4) fraud; and (5) negligent misrepresentation. Defendant removed the case invoking diversity jurisdiction.[18] Defendant filed a Motion to Dismiss and, in the alternative, a Motion for More Definite Statement.[19] In its Motion to Dismiss, Defendant contends that (1) Plaintiff fails to plead any specific facts about the contract in general, more specifically Plaintiff fails to identify a specific contract or provision that Defendant allegedly breached; (2) Plaintiff's LUTPA claim is barred; (3) Plaintiff fails to plead its fraud, detrimental reliance, and negligent misrepresentation claims with specificity; and (4) ERISA preempts Plaintiff's state law claims.[20] Plaintiff has opposed the motion.[21] With leave of court, Defendant replied to Plaintiff's opposition.[22]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[23] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[24] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[18] R. Doc. 1.
[19] R. Doc. 21.
[20] R. Doc. 21-1.
[21] R. Doc. 24.
[22] R. Doc. 32.
[23] Fed. R. Civ. P. 12(b)(6).
[24] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

alleged."[26] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[27] and the documents attached to the complaint.[28]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[29] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[30] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[31] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[32] Ultimately, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[33]

### A. BREACH OF CONTRACT

Under Louisiana law, to prevail on a breach of contract claim, a plaintiff must prove that (1) the parties consented to be bound through offer and acceptance; (2) the obligor failed to perform a conventional obligation; and (3) the failure to perform resulted in damages to the obligee.[34] Additionally, "a plaintiff must allege a breach of a specific provision of the contract."[35]

---

[26] *Id.*
[27] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[28] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[29] *Iqbal*, 556 U.S. at 678.
[30] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[31] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[32] *Twombly*, 550 U.S. at 555.
[33] *Iqbal*, 556 U.S. at 679.
[34] La. Civ. Code arts. 1927, 1944; *see also Hendrickson v. Meeks Disposal Co.*, No. 08-2744, 2008 WL 4657268, at *3 (E.D. La. Oct. 20, 2008); *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/2011), 68 So. 3d 1099, 1108-09, *writ denied*, 2011-0636 (La. 5/6/11), 62 So.3d 127.
[35] *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2003)); *see also Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Ctr., Inc.*, No. 11-2002, 2012 WL 1698365, at *9 (E.D. La. May 15, 2012); *Guidry v. Allstate Fire Cas. Ins. Co.*, No. CV 18-6660, 2019 WL 1002537, at *5 (E.D. La. Mar. 1, 2019).

Defendant argues that Plaintiff's breach of contract claim should be dismissed. Defendant contends (1) Plaintiff fails to identify a specific provision of the contract that Defendant allegedly breached or even plead specific facts about the contract in general; and (2) Plaintiff fails to allege with sufficient particularity the elements of a breach of contract claim.[36] Plaintiff maintains that its petition contains all the elements of a breach of contract claim in Louisiana.[37] Plaintiff asserts Defendant verified to Plaintiff the percentage of its charges that Defendant would pay for medical care to Defendant's customers and that this verification created a contract between the parties on the amount Defendant agreed to pay Plaintiff for treating Defendant's customers.[38] Although the contract might lack specific amounts that were promised and not paid, Plaintiff asserts that, even if there were no meeting of the minds on specific sums for services, under Louisiana law, a reasonable sum is implied to fill any gaps in the contract.[39] Plaintiff contends Defendant failed to pay the amounts set forth in the verifications it made to Plaintiff, and that this systematic underpayment caused Plaintiff a financial loss.[40]

The Court finds whether Plaintiff has alleged facts sufficient to support its breach of contract claim to be a close question. In its petition filed in state court, Plaintiff asserts Defendant knowingly entered into a contract with Plaintiff "[e]ach and every time" Plaintiff verified by telephone call to Defendant or through its web portal that Defendant would pay Plaintiff a percentage of the medical bills.[41] Plaintiff further alleges that "[Defendant] communicate[d] to [Plaintiff]… the percentage of the [Plaintiff's] medical bill it agree[d] to pay for services rendered to [Defendant's] customers. [Defendant] did this over the telephone, and then through

---

[36] R. Doc. 21-1, pp.6-8.
[37] R. Doc. 24, pp.8-9.
[38] *Id.*, p.9.
[39] *Id.* (citing *RTL Corp. v. Manufacturer's 111 Enterprises, Inc.*, 429 So. 2d 855, 858 (La. 1983)).
[40] R. Doc. 24, p.9.
[41] R. Doc. 1-1.

5

[Defendant's website] in response to [Plaintiff's] inquiries." [42] Further, Plaintiff asserts "[Defendant] wrote to [Plaintiff], expressly instructing [Plaintiff] to refer to the [Defendant's website's] web portal for any information it sought from [Defendant] relating to monetary payments." [43] It is true that Plaintiff does not plead particular facts about the contract for reimbursement between the parties, such as the products and services involved, the dates the alleged verifications were attempted, the percentages offered, the amounts billed, and the amounts paid or not paid. Clearly Plaintiff could have made more specific factual allegations. For example, in *Center for Restorative Breast Surgery, L.L.C., et al. v. Blue Cross Blue Shield of Louisiana, et al.*, the plaintiff attached to its complaint an excel spreadsheet that set forth the name of the patient, medical services provided, the verified percentage, the actual percentage paid, the verification date, and the name of the verifier. [44] Notwithstanding what Plaintiff maybe ought to have done, the Court takes note that Defendant has been able to identify most if not all of the transactions between the parties during the relevant time period that form the subject of the instant suit. [45] While perhaps bordering on the overly general, the Court finds Plaintiff's petition, particularly in Paragraphs 30-36, does adequately state a claim for breach of contract under Louisiana law. Accordingly, in this regard, Defendant's motion to dismiss is denied.

### B. UNFAIR TRADE

Defendant next asserts Plaintiff's LUTPA claim is barred because LUTPA does not apply to insurers. LUTPA does not apply to "actions or transactions subject to the jurisdiction of the ...

---

[42] R. Doc. 1-1, p.9.
[43] *Id*.
[44] Fourth Amended, Supplemented and Restated Complaint with Jury Demand, *Center for Restorative Breast Surgery, L.L.C., et al. v. Blue Cross Blue Shield of Louisiana, et al.*, No. 11-806 (E.D. La. Nov. 15, 2013), ECF No. 234-2.
[45] R. Doc. 1, Notice of Removal, p.3, para. 13.

insurance commissioner."[46] LUTPA does not provide for a private cause of action.[47] It is the "duty of the commissioner of insurance to administer the provisions of [the Louisiana Insurance] Code."[48] Pertaining to unfair trade practice, the Louisiana Insurance Code prohibits "any trade practice which is … an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance."[49] Section 1964 of the Louisiana Insurance Code defines acts that are unfair or deceptive.[50] After reviewing the applicable law, Plaintiff's complaint, and the parties' briefs, the Court finds that Plaintiff's claim of unfair trade practices falls within the jurisdiction of the insurance commissioner. Therefore, LUTPA does not apply here and Plaintiff's LUTPA claim must be dismissed.

### C. FRAUD AND NEGLIGENT MISREPRESENTATION

Defendant also asserts in its motion to dismiss that Plaintiff does not plead its fraud or negligent misrepresentation claims with sufficient specificity. Under Louisiana law, fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party of to a cause a loss of inconvenience to the other."[51] Federal Rule of Civil Procedure 9(b) states that a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."[52] The court determines whether this pleading requirement is satisfied on a case-by-case basis.[53] A plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made,

---

[46] La. Rev. Stat. § 51:1406(1).
[47] *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (citing *Clausen v. Fidelity & Deposit Co. of Md.,* 95-0504 (La. App. 1 Cir. 8/4/95); 660 So.2d 83, 86).
[48] La. Stat. Ann. § 22:2.
[49] La. Stat. Ann. § 22:1963.
[50] *See* La. Stat. Ann. § 22:1964.
[51] La. Civ. Code art. 1953.
[52] Fed. R. Civ. P. 9(b).
[53] *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

and explain why the statements were fraudulent."⁵⁴ A negligent misrepresentation claim also must satisfy this heightened pleading requirement when based on the same alleged facts as a fraud claim.⁵⁵ Here, the negligent misrepresentation claim is based on the same alleged facts as the fraud claim; therefore, both claims must satisfy the heightened pleading requirement. At a minimum, Plaintiff does not identify with specificity the speakers or when the alleged fraudulent statements or misrepresentations were made. Additionally, Plaintiff makes no specific factual allegations as to Defendant's intent to deceive other than a conclusory assertion that it believed Defendant intended to deceive Plaintiff. Therefore, the Court finds that Plaintiff's fraud and negligent misrepresentation claims must be dismissed.

### D. DETRIMENTAL RELIANCE

Article 1967 of the Louisiana Civil Code states, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."⁵⁶ Detrimental reliance is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence."⁵⁷ The Fifth Circuit Court of Appeals has cautioned that "[i]t is difficult to recover under the theory of detrimental reliance, because such a claim is not favored in Louisiana"⁵⁸ "Detrimental reliance must be examined carefully and strictly."⁵⁹ To establish detrimental reliance, a plaintiff must prove by a preponderance of the evidence: "(1) a

---

⁵⁴ *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citing *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.,* 267 F.3d 400, 412 (5th Cir. 2001)).
⁵⁵ *Benchmark Elecs., Inc.*, 343 F.3d at 723.
⁵⁶ La. Civ. Code art. 1967.
⁵⁷ *Suire v. Lafayette City-Parish Consol. Government,* 04-1459 (La. 4/12/05), 907 So. 2d 37, 59; *Blackstone*, 802 F. Supp. at 739.
⁵⁸ *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007).
⁵⁹ *Id.*

representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance."[60]

In its complaint, Plaintiff alleges "[Defendant] communicated to [Plaintiff] via telephone and on [Defendant's] web portal that it agreed or offered to pay for [Plaintiff's] provision of medical services to [Defendant's] customers, which induced [Plaintiff] to rely on said information to its detriment."[61] Additionally, Plaintiff alleges "[Plaintiff] reasonably relied, to its detriment, on representations and statements made by [Defendant] as to the existence and extent of [Defendant's] offer or agreement to pay for [Plaintiff's] provision of medical services to [Defendant] customers."[62] As in its breach of contract claim, Plaintiff does not identify specific provisions from the telephone communications or Defendant's website that represented the reimbursement percentages to which the parties allegedly agreed. Nor does Plaintiff specifically identify who verified these reimbursement percentages. Nevertheless, the Court has reviewed the petition filed in state court, namely Paragraphs 45-51, and concludes that Plaintiff has sufficiently alleged facts to establish representations by Defendant on which Plaintiff reasonably relied to its detriment.

### E. ERISA PREEMPTION

Lastly, the Court has been asked to decide whether ERISA completely preempts Plaintiff's state law claims. ERISA completely preempts state law claims "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and ... there is no other independent legal duty that is implicated by a defendant's actions."[63] As to a third party health care provider, "[w]hether a third-party health care provider's claims are completely preempted by

---

[60] *Suire*, 907 So. 2d at 59.
[61] R. Doc. 1-1, p.13.
[62] *Id*.
[63] *Ctr. for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of Louisiana, Inc.*, No. CIV. A. 10-4346, 2011 WL 1103760, at *2 (E.D. La. Mar. 22, 2011) (citation omitted).

9

ERISA depends on precisely what rights the provider seeks to enforce and what duty it alleges has been breached."[64] If the third-party health care provider seeks "to enforce its patient's rights to reimbursement pursuant to the terms of the ERISA plan, in a derivative capacity pursuant to an assignment of the patient's rights[, t]hat kind of derivative claim is completely preempted by ERISA."[65] But, "if a health care provider can assert a right to payment based on some separate agreement between itself and an ERISA defendant (such as a provider agreement or an alleged verification of reimbursement prior to providing medical services), that direct claim is not completely preempted by ERISA."[66] Even though a health provider has a valid assignment of its patient's rights, "the mere existence of an assignment of the patient's rights under the ERISA plan is jurisdictionally irrelevant so long as the provider is not actually seeking to enforce that derivative claim."[67]

In its petition in state court, Plaintiff avers that it is an "independent party" and its claims are "not based on any assignment of benefits from its patients."[68] Additionally, in its petition, Plaintiff repeatedly and specifically waives its rights under federal law and seeks "to enforce independent state law (and not federal law) legal duties that [Defendant] owes directly to [Plaintiff]."[69] Because Plaintiff's petition on its face repudiates any federal law claims, as well as remedies, and brings all of the state law claims in its individual capacity as a health care provider, this Court cannot say the state law claims asserted are completely preempted by federal law.

---

[64] *Id.* (citation omitted).
[65] *Id.* (citation omitted).
[66] *Id.* (citation omitted).
[67] *Id.* (citation omitted) (emphasis omitted).
[68] R. Doc. 1-1, p.8.
[69] *Id.*

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss Plaintiff's Complaint and alternate 12(e) Motion for More Definite Statement[70] are **GRANTED IN PART and DENIED IN PART**. Plaintiff's LUTPA claim is dismissed WITH PREJUDICE. Plaintiff's fraud and negligent misrepresentation claims are dismissed WITHOUT PREJUDICE. In all other respects, the motion to dismiss is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is granted an additional twenty-one (21) days from the entry of this Order to file an amended complaint alleging its fraud and negligent misrepresentation claims. If an amended complaint is not filed, Plaintiff's fraud and negligent misrepresentation claims will be dismissed with prejudice.

**New Orleans, Louisiana**, on this 30th day of March, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[70] R. Doc. 21.